IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE GOLD REFINERY, LLC, | ) | CIVIL NO. 11-00522 SOM-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | PLAINTIFF THE GOLD REFINERY |
| | ) | LLC'S MOTION FOR DEFAULT |
| ALOHA ISLAND GOLD, LLC, ET AL., | ) | JUDGMENT AGAINST DEFENDANT |
| | ) | ALOHA ISLAND GOLD LLC AND SAM |
| | ) | TIMAS |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF THE GOLD REFINERY LLC'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT ALOHA ISLAND GOLD LLC AND SAM TIMAS[1]

Before the Court is Plaintiff The Gold Refinery LLC's Motion for Default Judgment Against Defendant Aloha Island Gold LLC and Sam Timas (collectively, "Defendants")[2], filed on December 12, 2013 ("Motion"). ECF No. 199. At the Court's direction, Plaintiff filed a Supplemental Memorandum regarding damages on January 27, 2014. ECF No. 205. Defendants were served with a copy of the Motion, but did not file an opposition or otherwise respond. See ECF No. 203. The Court found the Motion suitable for disposition without a hearing pursuant to

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

[2] All claims against the other named defendants have been dismissed. See ECF Nos. 194, 195, 196.

Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 200.  After careful consideration of the Motion, the Supplemental Memorandum, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff The Gold Refinery LLC filed its Complaint on August 25, 2011, alleging various claims related to an alleged scheme by Defendants to obtain and misappropriate Plaintiff's business information and property.  Plaintiff alleges that Defendant Timas used Plaintiff's business information and property to promote and market his own competing company, Defendant Aloha Island Gold, LLC.  The Clerk entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure in early 2013.  ECF Nos. 179, 193.  The present Motion followed.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default

does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

  (1) the possibility of prejudice to the plaintiff;

  (2) the merits of plaintiff's substantive claim;

  (3) the sufficiency of the complaint;

  (4) the sum of money at stake in the action;

  (5) the possibility of a dispute concerning material facts;

  (6) whether the default was due to excusable neglect; and

  (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of

Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A.  Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendants. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and Defendants. See 28 U.S.C. § 1332. Plaintiff is a Michigan limited liability company with its principle place of business in Macomb County, Michigan, and its sole member Norman Bean is a Michigan resident. Compl. ¶ 7. Defendant Timas is a resident of Hawaii. Id. Defendant Aloha Island Gold is a Hawaii limited liability company with its principal place of business in Hawaii, and its sole member is Defendant Timas, a Hawaii resident. Id.

Second, the Court has personal jurisdiction over Defendant Timas because his counsel accepted service on his behalf on September 6, 2011. ECF No. 6; Fed. R. Civ. P. 4(e)(2)(C). The Court has personal jurisdiction over Defendant Aloha Island Gold because it was served through its counsel on September 12, 2011. ECF No. 8; Fed. R. Civ. P. 4(h)(1)(B). The Court finds that it has both subject matter and personal jurisdiction.

### B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

#### 1. The Possibility of Prejudice to Plaintiff

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

#### 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiff asserts nine claims against

Defendants.  As detailed below, this factor weighs in favor of default judgment because the allegations in the Complaint, taken as true, are sufficient to establish Plaintiff's substantive claims.

### a. Misappropriation of Trade Secrets

Plaintiff alleges that Defendants used Plaintiff's business information of economic value that was protected by Plaintiff through user identification and passwords, including the identity and contact information of Plaintiff's customers, gold buying party hosts, and schedule of gold buying parties. Compl. ¶¶ 46-51.  Plaintiff alleges that Defendants used Plaintiff's trade secrets to interfere with Plaintiff's relationships with its agents, customers, and business activities to unfairly compete with Plaintiff, which resulted in substantial economic losses to Plaintiff.  Id. ¶¶ 52-53.  The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendants for misappropriation of trade secrets.  See Haw. Rev. Stat. § 482B-2.

### b. Breach of Contract Against Defendant Timas

Plaintiff alleges that Defendant Timas entered into a written contract with Plaintiff by agreeing to Plaintiff's Policy and Procedure.  Compl. ¶ 55.  Plaintiff alleges that Defendant Timas breached the non-solicitation clause of his contract by contacting Plaintiff's customers in an attempt to solicit their

6

business for Defendant Aloha Island Gold and by recruiting Plaintiff's agents to join his company. Id. ¶¶ 57-58. The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendant Timas for breach of contract. See Honold v. Deutsche Bank Nat'l Trust Co., Civ. No. 10-00625 JMS/BMK, 2010 WL 5174383, at *3 (D. Haw. Dec. 15, 2010) (reciting the required elements to state a claim for breach of contract).

### c. Tortious Interference with Contract

Plaintiff alleges that Defendants intentionally induced several individuals to breach their agreements with Plaintiff to host gold buying parties and to end their contractual relationships with Plaintiff. Compl. ¶¶ 61-68. Plaintiff alleges that Defendants instigated these breaches so that Defendants could reap the benefit of the gold buying parties for their own financial benefit. Id. ¶¶ 69-75. The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendants for tortious interference with contract. See Spring Patents, Inc. v. Avon Rubber & Plastics, Inc., 183 F. Supp. 2d 1198, 1210 (D. Haw. 2001) (stating the elements for tortious interference with contract).

### d. Tortious Interference with Prospective Economic Advantage

Plaintiff alleges that it had expectations of

7

developing additional business relationships through gold buying parties that were scheduled in December 2010 and January 2011. Compl. ¶¶ 78, 84-88. Plaintiff alleges that Defendants knew of these agreements and expectations and purposefully interfered by fraudulently telling Plaintiff that the parties had been cancelled when in fact the parties remained scheduled for Defendants' benefit, which resulted in damage to Plaintiff. Id. ¶¶ 79-91. The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendants for tortious interference with prospective economic advantage. See Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 982 P.2d 853, 887 (Haw. 1999) (stating the required elements for tortious interference with prospective business advantage), *superseded on other grounds by statute as stated in* Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1207-09 (Haw. 2006).

### e. Conversion Against Defendant Timas

Plaintiff alleges that it provided $100,000 to Defendant Timas in his role as an agent for Plaintiff for the purpose of purchasing gold at parties in November 2010. Compl. ¶ 99. Plaintiff alleges that Defendant Timas did not return the unused portion of that money, which totaled $70,000. Id. ¶ 105. Plaintiff also alleges that Defendant Timas reported to Plaintiff that he purchased 8000 grams of gold in November 2010, but only

8

sent Plaintiff 5000 grams of gold. Id. ¶ 100-101. Plaintiff alleges that Defendant Timas converted the missing gold and $70,000 for his own benefit without the consent or authorization of Plaintiff, despite Plaintiff's demand that the gold and money be returned. Id. ¶¶ 103-105. The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendant Timas for conversion. Freddy Nobriga Enters. v. State, 295 P.3d 993, 999 (Haw. Ct. App. 2013) (outlining the essential elements for conversion).

### f. Breach of Fiduciary Duty Against Defendant Timas

Plaintiff alleges that Defendant Timas, as Plaintiff's Hawaii regional manager, owed Plaintiff a fiduciary duty of good faith, care and loyalty. Compl. ¶ 108-109. Plaintiff alleges that Defendant Timas was responsible for managing all of Plaintiff's events in Hawaii, was entrusted with large sums of money to be used to purchase gold, and was responsible for collecting all of the gold purchased. Id. ¶ 108. Plaintiff alleges that Defendant Timas breached his fiduciary duty by misappropriating Plaintiff's information and property to form a competing gold buying business, which resulted in damages to Plaintiff. Id. ¶¶ 110-111. The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendant Timas for breach of fiduciary duty.

**g.  Unjust Enrichment**

Plaintiff alleges that Defendants have been unjustly enriched by Plaintiff's former clients, customers, party hosts, and agents who were diverted away based on Defendants' misrepresentations.  Compl. ¶ 114.  The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendants for unjust enrichment. See Porter v. Hu, 169 P.3d 994, 1007 (Haw. Ct. App. 2007) (reciting the requirements for a claim of unjust enrichment).

**h. Unfair Competition**

Plaintiff alleges that Defendants' business operation was unfair because of the misappropriation, conversion, and misrepresentations detailed above, which resulted in harm to Plaintiff.  Compl. ¶¶ 118-120.  The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendants for unfair competition.  See Haw. Rev. Stat. § 480-2(e).

**i.  Violation of Uniform Deceptive Trade Practice Act**

Plaintiff alleges that Defendants engaged in deceptive business practices including cancelling Plaintiff's gold buying parties and hosting the same parties for Defendants' competing business causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Plaintiff.  Compl. ¶ 122.  The Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against

Defendants for violation of the Uniform Deceptive Trade Practice Act.  See Haw. Rev. Stat. § 481A-3(a).

### 3.  Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4.  Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  In its Supplemental Memorandum, Plaintiff seeks damages against Defendants in the amount of $1,786,889 for lost profits for its claims of misappropriation of trade secrets, breach of contract, tortious interference with contractual relations and prospective business advantage, and breach of fiduciary duty, and seeks additional damages against Defendant Timas in the amount of $202,128.96 for conversion.  ECF No. 205 at 3.  Plaintiff's damages request is tailored to Defendants' specific wrongful conduct.  The Court finds that this factor weighs in favor default judgment.

### 5.  Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages,

11

will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendants have been given a fair opportunity to defend this action; Defendants have not done so.  Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect.  As detailed in the Court's previous orders, Defendants failed to defend this action and default was entered against them.  See ECF Nos. 178, 192.  Despite notice of Plaintiff's intention to seek a default judgment, Defendants have failed to respond.  The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendants' default makes a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendants have failed to defend this

12

action and have consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendants.

### 8. Totality of <u>Eitel</u> Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendants.

### C. Remedies

Although Defendants' default establishes their liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled.  <u>See</u> <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  "In determining damages, the court can rely on the declarations submitted by the plaintiff."  <u>Philip Morris</u>, 219 F.R.D. at 498.  Plaintiff must provide evidence of its damages, and the damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Although Plaintiff's initial Motion seeks various remedies, Plaintiff clarified the relief that it requests in its Supplemental Memorandum.  Specifically, Plaintiff seeks damages in the amount of $1,786,889.00 for lost profits related to its claims for misappropriation of trade secrets (first claim), breach of contract (second claim), tortious interference with contractual relations (third claim), tortious interference with

prospective business advantage (fourth claim), and breach of fiduciary duty (sixth claim) and additional damages against Defendant Timas in the amount of $202,128.96 for conversion (fifth claim).  ECF No. 205 at 3-4.  Plaintiff does not seek an award of attorneys' fees and costs, punitive damages, or an accounting.  Id. at 3 n.1.  Although not specified, it also appears that Plaintiff does not seek any remedy for its claims for unjust enrichment/accounting (seventh claim), unfair competition (eighth claim), or violation of the Uniform Deceptive Trade Practice Act (ninth claim).  Id. at 3-4.

### 1. Lost Profits

Plaintiff seeks $1,786,889.00 for lost profits.  ECF No. 205 at 4-11.  In Hawaii, "where a plaintiff can show future profits in a new or unestablished business with reasonable certainty, damages for loss of such profits may be awarded." Chung v. Kaonohi Center Co., 618 P.2d 283, 291 (Haw. 1980), *abrogated on other grounds* Francis v. Lee Enters., Inc., 971 P.2d 707 (Haw. 1999).  "[T]he evidence necessary to show future profits with reasonable certainty depends on the circumstances of each individual case."  Id.  Lost profits "are measured by the loss of net profits, meaning net earnings or the excess of returns over expenditures, but not lost gross profits or gross sales revenue."  Omura v. Am. River Investors, 894 P.2d 113, 115 (Haw. Ct. App. 1995) (citations omitted).

The Court finds that Plaintiff's request for an award

14

of lost profits in the amount of $1,786,889.00 meets the "reasonable certainty" standard. Plaintiff's income and expense projections are based on six months of actual data from its Hawaii operations from May 2010 to November 2010. See Decl. of Duane Seabolt ("Seabolt Decl.") ¶¶ 14, 25-29. Plaintiff's expert's calculation assumes a 5-year damage period, calculates the revenue that Plaintiff would have received for the resale of precious metals based on an estimate of the quantity of precious metals that Plaintiff would have purchased at Hawaii gold buying parties during the 5-year damage period, subtracts from that revenue Plaintiff's estimated expenses, and applies a discount factor to future estimated net profits to account for inherent risks and the present value of money. See Seabolt Decl. ¶¶ 10-33; ECF No. 205-3. Plaintiff has provided sufficient evidence that its assumed 5-year damage period is reasonable given its national business operations since 2009. See Decl. of Joshua Lynn ("Lynn Decl.") ¶ 4; Seabolt Decl. ¶ 11. Based on the Court's review of the Supplemental Memorandum and the supporting declarations, Plaintiff's lost profits calculation meets the "reasonable certainty" standard. Accordingly, the Court RECOMMENDS that Plaintiff be awarded $1,786,889.00 in damages.

### 2. Conversion Damages

Plaintiff seeks damages against Defendant Timas in the amount of $202,128.96 for conversion of 3,000 grams of gold and

$70,000 in cash.  ECF No. 205 at 11-13.  The measure of damages for conversion of the 3000 grams of gold "is the highest value of the gold between – and including – the date of conversion and a reasonable time thereafter."  Roxas v. Marcos, 969 P.2d 1209, 1270 (Haw. 1998).  Defendant Timas converted the 3000 grams of gold in November 2010, during which time the average market price of gold was $1,369.89 per (troy) ounce.  ECF No. 205 at 13; Lynn Decl. ¶ 8; ECF No. 205-6.  Applying this market value to the 3,000 grams of gold (which equals 96.45 troy ounces per the conversion rate of 1 gram = 0.321507466 troy ounces) yields damages in the amount of $132,128.96.  ECF No. 205 at 13.  Additionally, Plaintiff is entitled to damages of $70,000, which is the amount of cash that Defendant Timas converted.  Id.  The Court RECOMMENDS that Plaintiff be awarded damages in the amount of $202,128.96 for Defendant Timas' conversion of gold and money.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff The Gold Refinery LLC's Motion for Default Judgment Against Defendant Aloha Island Gold LLC and Sam Timas be GRANTED IN PART and DENIED IN PART as follows:

(1)  Default judgment be entered in Plaintiff's favor and against Defendant Aloha Island Gold, LLC and Defendant Sam Timas;

(2) Plaintiff be awarded damages in the amount of $1,786,889.00 against Defendant Aloha Island Gold, LLC and

Defendant Sam Timas;

(3) Plaintiff be awarded additional damages in the amount of $202,128.96 against Defendant Sam Timas;

(4) Plaintiff's request for other relief not otherwise specified herein be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 3, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge

**THE GOLD REFINERY, LLC  V. ALOHA ISLAND GOLD, LLC, ET AL., CIVIL NO. 11-00522 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF THE GOLD REFINERY LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALOHA ISLAND GOLD LLC AND SAM TIMAS**